
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE VELASCO HERNANDEZ, | No. 12-71954 |
| Petitioner, | Agency No. A014-566-461 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:      CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Jose Velasco Hernandez, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an immigration judge's removal order. We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. Reviewing de novo questions of law, *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081 (9th Cir. 2008), we deny the petition for review.

The BIA correctly concluded that Velasco Hernandez's conviction for assault with a deadly weapon under California Penal Code § 245(a)(1) constitutes an aggravated-felony crime of violence that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because section 245(a)(1) defines a categorical crime of violence, and Velasco Hernandez received an actual sentence to imprisonment of at least one year. *See* 8 U.S.C. § 1101(a)(43)(F) (defining an "aggravated felony" as "a crime of violence . . . for which the term of imprisonment [is] at least one year"); *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) ("[A]ssault with a deadly weapon or by means of force likely to produce great bodily injury under section 245(a)(1) is categorically a crime of violence . . . ."); *Renteria-Morales*, 551 F.3d at 1089 ("[The] language in § 1101(a)(43) requiring that a crime of conviction be one 'for which the term of imprisonment is at least one year' . . . refers to the actual sentence imposed by the judge on the defendant convicted of the predicate offense, rather than the 'potential sentence that the judge could have imposed.'" (citation omitted)).

Our case law forecloses Velasco Hernandez's contentions that section 245(a)(1) does not contain the *mens rea* required for a crime of violence

and that California law's classification of his offense as a misdemeanor prevents it from qualifying as an aggravated-felony crime of violence under federal law. *See Grajeda*, 581 F.3d at 1197 ("[A]ssault under California Penal Code section 245(a) requires proof of sufficiently intentional conduct to satisfy the *mens rea* requirement for a crime of violence."); *Habibi v. Holder*, 673 F.3d 1082, 1088 (9th Cir. 2011) ("[W]hether a state classifies an offense as a 'misdemeanor' is irrelevant to determining whether it is an 'aggravated felony' for purposes of federal law.").

**PETITION FOR REVIEW DENIED.**